HARLAN, ASSIGNEE, ETC., *v.* GUNDERSON ET AL.

*Evidence—Unauthenticated copy of printed record inadmissible, when—Section 11499, General Code—Admission not prejudicial error, when—Section 11364, General Code.*

It is error to admit in evidence a printed record of a cause determined in another court, unauthenticated by the certificate of the judge and clerk of said court, where the matter sought to be established thereby is one of fact; but where plaintiff had failed to prove the facts necessary to make his case and the proof so introduced by defendant became immaterial, its admission was not prejudicial or ground for reversal.

(Decided October 1, 1914.)

ERROR: Court of Appeals for Butler county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

The question presented to the court by proceedings in error at this hearing is whether or not the action of the court below in entering judgment for plaintiff upon the cross-petition of Walter S. Harlan, assignee of the McSherry Manufacturing Company, should be sustained.

The chief error relied upon by plaintiff in error is the action of the court in admitting the printed record of the case of *Seiler* v. *Fuller & Johnson Mfg. Co.,* found in 121 Fed. Rep., 85-90. This report was from the bound volume of the federal reports, and was not authenticated by the certificate of the judge and clerk of the court, and was introduced for the purpose of establishing certain facts that were set out in said decision, which plaintiff below contended showed that the litigation there

before the court did not embrace the Gunderson patents.

In the opinion of the court the admission of this record by the court below, in the form presented, was error. Under Section 11499, General Code, this evidence, so offered, would have been properly admissible if the question of law there decided was the matter to be proved, but it was not proper evidence to show matters of fact involved in the cause there decided.

The question raised by the cross-petition was whether under the Gunderson contract the cross-petitioner was entitled to recover for expenses incurred in litigation with reference to the Gunderson patents. The burden was upon the cross-petitioner to sustain his account for expenses as set out in his cross-petition by proper proof. A careful examination of the record discloses that by the testimony of Mr. Fetzer, who had been the general manager of the company, it was shown that certain moneys had been expended in matters connected with litigation of patents for the model planter and for the automatic planter, but we find no proof that these expenses were incurred with reference to the features of either of the Gunderson patents; and, indeed, Mr. Fetzer states that the planters then being manufactured were not based upon said patents.

It will appear that the cross-petitioner failed in his proof to show that the expenses sought to be recovered were thus provided for by its contract with Gunderson, and therefore the admission of the record in the Federal Reporter offered by plaintiff can not be deemed as prejudicial.

We fail to find any prejudicial error within the terms of Section 11364, General Code, and judgment below is therefore affirmed.

*Judgment affirmed.*

*Mr. John F. Neilan* and *Messrs. Andrews & Andrews,* for plaintiff in error.

*Mr. Stanley Shaffer* and *Messrs. Baker & Baker,* for defendants in error.